The opinion of the Court ivas delivered by

Mr. Justice Mott.

There is no rule of practice better established than that the declaration and all the subsequent proceedings must be carried on in' the name of the original parties to the suit, indeed the declaration is defined to be “an exemplification or exposition of the original writ, oh which it is founded.” The plaintiff might as well have filed his declaration in the name of any other person, as in the name of Brennan and M'Creary. It does not c-vcn appear that the person who constituted one of the firm of Brennan and M‘Creary, was the same Daniel Brennan, who sued out the original writ; and if it did, it would not have cured the irregularity.
The court.did not refuse to let the party amend his declaration, so as to make it conformable to the original writ. But the amendment proposed, was, to permit him to carry on the proceedings, in the form in which they, then presented. But , that would not have been an amendment; it would have been a substitution of new parties and new proceedings.
With regard to the third ground, it did appear on the minutes of the court, that “Brennan and M'Creary,” had leave to file a declaration. But Daniel Brennan could derive no benefit from tliat order. In fact, no such order was ever made. The plaintiff in attachment, had leave to file his declaration. But that was only an authority to go on with the proceedings which he had commenced, and not to substitute ojthers in their stead. A judge on the circuit, in the hurry of business, seldom attends to the phraseology of every formal order: and it would he a lamentable defect in our system of jurisprudence, if one could not he arrested, which had been entered by mistake.
Much less would the court sanctify an error, by giving effect to one, contrary to its legal import.
The motion is refused. —
Huger, Johnson, Colcoclc and Bicharclson, Justices, concurred..